IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

2013 NOV 12  P 1: 59

**VASUKI PERIYASWAMY,**

**Plaintiff,**

v.                                                                      **Civil Action No.: 1:13-CV-11548-PBS**

**RAHINI PALANIKUMAR,**

**Defendant.**

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>

<u>**RAHINI PALANIKUMAR'S MOTION TO DISMISS**</u>

Rahini Palanikumar (Defendant) hereby moves to dismiss the Plaintiff's complaint. The grounds for this motion are set forth below.

<u>**INTRODUCTION**</u>

This Court should dismiss the Plaintiff's complaint. Her complaint is a rambling, unintelligible set of allegations that violates the "short and plain statement" requirements of Federal Rules of Civil Procedure, Rule 8(a). Given the incomprehensible nature of the Plaintiff's complaint, Defendant cannot form a proper defense and respond to those allegations against the Defendant. Moreover, the overwhelming majority of those statutes that the Plaintiff cites as

1

grounds for her cause of action are criminal statutes not providing her with a private right of action. Other civil statutes simply do not apply to the Plaintiff or Defendant.

Given that the Plaintiff has failed to plead a clear and understandable cause of action against the Defendant, her complaint should be dismissed.

Although Plaintiff makes 25 claims spanning 163 paragraphs, her claims are conclusory, lack a legal remedy and fail to apply legal analysis need to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Given that the Plaintiff has failed to state a claim upon which relief can be granted against the Defendant, her complaint should be dismissed.

## **BACKGROUND**

Plaintiff Vasuki Periyaswamy filed her complaint on June 28, 2013, but did not complete service on Defendant until October 25, 2013. The Plaintiff's complaint consists of 484 paragraphs spanning 103 pages. The complaint lists 60 claims, including 25 separate claims on the Plaintiff. The complaint cites numerous statutes, many of which are criminal statutes.

Among the 25 individual claims concerning more than 10 statutory provisions and Articles, the Plaintiff includes multiple statutes and Articles in each claim, only confusing matters further. Although difficult to decipher, the Plaintiff appears to premise her case on harassment, terrorism, sexual abuse, Employment-loss, Unlawful interception, invasion of privacy and torture crimes allegedly committed against her. The Plaintiff claims that the following 32 individuals/Firms - even though they are not included as parties to the suit – conspired with the Defendant to commit harm against her:

- Michael S Boyette aka Michael H Estramonte,
- Chandrasekaren, India
- Syed Mujaihid, India
- Daoud M Lomax, 129 S Main St, Sharon, MA 02067
- Kay P Bui, 75 Bayfield Rd S, Quincy, MA -02169
- Kathryn M Carll, 55 Deckers Way, Marshfield, MA -02050
- Debbie Degregorio, 16 Summer Ave, Medford, MA-02155
- Teresa Hamilton, 764 E Broadway, Boston, MA-02127
- Gary L Davis, 125 Codding Dr Apt X, Taunton, MA-02780
- Brian Trapeno, 604 Vernon St, Bridgewater, MA 02324
- Peter Debenedetto, 16 Nick Dr, East Freetown, MA 02717
- James Keating, 3312 Stone Heather Ct, Herndon, VA-20171
- Elizabeth Harshman, 116 Ash St, Hopkinton, MA
- Mr. and Mrs. Jane J Foster, 27 Pinecrest Village, Hopkinton, MA
- Comcast of Massachusetts I Inc., Legal Compliance Division, 650 Centerton Rd, Moorestown, NJ-08057
- Lin Werner and Christ Werner, 33 Pinecrest Village, Hopkinton, MA -01748
- Nancy Stanucci,35 Pinecrest Village, Hopkinton, MA-01748
- Francis Stanucci, 32 Pinecrest Village, Hopkinton, MA-01748
- Alice Duncan, 32 Pinecrest Village, Hopkinton, MA-01748
- Cynthia J Trainor, 29 Pinecrest Village, Hopkinton, MA-01748

3

- Jeffrey W Brids, 1212 Hancock St LL-20, Quincy, MA-02169
- Jinchuan Yang & Wei I Li, 47 Saddle Hill Rd, Hopkinton, MA 0174
- Mr. & Mrs. Anil kumar 36 Pinecrest Village, Hopkinton, MA-01748
- Mr. & Mrs. Anil Kumar, 510 Maloney Rd, Apt P6, Poughkeepsie, NY 12603
- Yigun Hu and Xi I Hu, 37Pinecrest Village, Hopkinton, MA-01748
- Mr. &Mrs. Lindsay Ann Ucci, 28 Pinecrest Village, Hopkinton, MA -01748
- Paul J Gentilotti, 13 Pinecrest Village, Hopkinton, MA-01748
- Brian Bacon, 145 Milk St, Apt 1, Westborough, MA 01581
- Mark Mangano, 40 Pinecrest Village, Hopkinton, MA-01748
- Perot Systems Healthcare Inc., Or Dell Services, 1 Dell Way, Round Rock, TX
- Berry Appleman & Leiden LLP, Dallas, TX

Plaintiff states more than 50 names in Schedule 'E' – Pattern of Expansion of Transnational Organized Gang – Domestic and International Terrorism. In the "List of known companies coordinating with transnational gangs for several harmful activities and 24x7 communication interceptions" (p. 109), Plaintiff accuses T-Mobile, Verizon, Comcast of Massachusetts, Inc., Several divisions of FedEx Kinkos, Boston Public Library, Natick Library etc. of coordinating with transnational gangs to intercept communications for harmful activities. She also mentions that Malicious Insider groups at **United States Postal Service, Supreme Court of India, Federal Court-Boston Massachusetts** and **Police officers** in India are also part of the "Transnational Organized Gang". The sweeping range of accusations is astounding to say the least.

The Plaintiff has an established litigation history in this Court. She filed an action against Comcast very similar to this one - *Periyaswamy v. Comcast of Massachusetts I, Inc.*, Civil Action No. 12-10474. Judge Denise J. Casper terminated that action pursuant to Fed. R. Civ. P. 8(a). See Docket No. 28 of Civil Action No. 12- 10474. However, that wasn't her first complaint against Comcast.

Her prior complaint - *Periyaswamy v. Comcast Internet Services*, Civil Action No. 10-11204 was terminated by Judge Woodlock for lack of subject matter jurisdiction because both

4

the Plaintiff and Defendant are Massachusetts residents. See Docket No. 19 of Civil Action No. 10 - 11204. The Plaintiff appealed this decision to the United States Court of Appeals for the First Circuit, which affirmed the District Court's decision. .See Docket No. 28 of Civil Action No. 10 - 11204 (Appeals Court Docket No. 11-1203). So, in an attempt to make her case one involving a federal question, the Plaintiff simply resubmitted the complaint against Comcast and tagged onto it a list of dozens of allegations, claims and federal statutes.

The Plaintiff also filed a case in 2011 against her former employer, entitled *Periyaswamy v. Perot Systems Healthcare*, Civil Action No. 11-11406. In that case, Magistrate Judge Sorokin issued a Report & Recommendation recommending that the action be dismissed for failure to effect service within 120 days. See Docket No. 13 of Civil Action No. 11-11406. Judge Saris adopted the Report & Recommendation and dismissed the Plaintiff's suit. See Docket No. 17 of Civil Action No. 11-11406. Significantly, Judge Sorokin noted in his Report & Recommendation that the Plaintiff's complaint was "prolix." See Report & Recommendation (Docket No. 13 of Civil Action No. 11-11406) at 1.

In this complaint Plaintiff makes claims against non-defendants Jeffrey W Brids, Berry & Appleman LLP, Comcast of Massachusetts I Inc., and Perot Systems Healthcare Inc. See Plaintiff's complaint pp. 89 -102 (¶44 -131). Plaintiff continues to make claims against Perot Systems Healthcare Inc. and Comcast of Massachusetts I Inc. even after the above mentioned cases were dismissed.

## ARGUMENT

A. **Plaintiffs Complaint Should Be Dismissed for her Failure to Comply With The Short and Plain Statement Requirement of Rule 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a Plaintiff make a "short and plain" statement of its allegations. "Where a plaintiff fails to meet the short and plain statement rule, its complaint is subject to dismissal by the District Court". *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir.1993) ("4 district court has the power to dismiss a complaint when a plaintiff fails to comply with . . . Rule 8(a)(2)'s short and plain statement requirement.") (internal quotations and citations omitted). The United States Court of Appeals for the First Circuit and this Court have both held that such long, confusing and unintelligible complaints as the Plaintiff's should be dismissed. For instance, in the *Kuehl* case, the First Circuit held that an "excessively long and unnecessarily redundant" complaint violates Rule 8(a). *See id.* Similarly, in *Jacobowitz v. Dartmouth Public Schools*, No. 08-11855-RWZ, 2010 WL 582359, 1st Cir. (D. Mass. Feb. 9,2010), this Court dismissed a complaint consisting of "a lengthy list of unrelated factual allegations against multiple defendants, rather than a comprehensible identification of the relevant conduct and parties." In addition to the "short and plain" requirement of Rule 8(a), section (d)(1) of the Rule requires that each allegation be "simple, concise and direct."

The Plaintiff's complaint is unintelligible. It consists of 103 pages and 484 paragraphs. She cites more than 10 statutory provisions to support her cause of action, but she shows no connection between all of these statutes and the set of facts provided by her. The Plaintiff's complaint is the very kind that courts dismiss for failing to comport with Rule 8. See *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (dismissing complaint that is a "confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and

6

agencies. The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues, and personal comments."); *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972) ("Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed.").

Moreover, the Plaintiff's complaint is what some courts call a "shotgun" complaint – a complaint with numerous factual allegations bearing no connection to the legal claims set forth by the plaintiff. The Southern District of Alabama used the description of "shotgun pleading" for a complaint that "encompasse[d] 134 numbered paragraphs spanning 46 pages." *Nicholson v. City of Daphne*, No. 07-0496-V/S-M, 2009 WL 1789385, * 1 (S.D. At. 2009). The Court noted that the Complaint referred to race, sex, hostile work environment, retaliation and conspiracy, and it also contained various statutory provisions, but there was no effort to link the legal claims with the factual allegations. *See id.* at *2 ("Buried within are references to race, sex, hostile work environment, retaliation and conspiracy, and to various constitutional and statutory provisions in addition to Title VII, with no effort to identify which of the 353 paragraphs address which claims.").

Likewise, the United States Court of Appeals for the Eleventh Circuit also held that a complaint consisting of "a myriad of potential claims" with no connection to the factual allegations amounted to a shotgun complaint. See *Giles v. Wall-Mart Distr. Ctr.*, 359 Fed. App. 91, 93 (11th Cir. 2009) ("In other words, Giles's amended complaint is a classic 'shot gun' pleading in that it is not possible to know which factual allegations support which claims for relief.").

The Plaintiff's complaint is precisely the kind of shotgun complaint disapproved of by the Eleventh Circuit and Southern District of Alabama. The Plaintiff lists multiple federal statutory provisions and articles, but she fails to articulate how her factual allegations relate to each of these statutes. Similar to the *Nicholson* case, the Plaintiff refers to human trafficking, terrorism, sexual abuse, invasion of privacy and torture crimes, but she does not develop these allegations in any way. Instead, the Plaintiff has cobbled together a list of statutes and expects that to be sufficient to entitle her to a cause of action. Furthermore, the Plaintiff does not specify exactly any particular wrongs committed by Defendant against her. Given the state of the Plaintiff's allegations, Defendant cannot form any kind of defense and respond to the Plaintiff's claims against the Defendant.

Finally, even though the Plaintiff is proceeding pro se, this does not save her from having to comply with Rule 8. See *Davis v. Middlesex Sheriff's Office*, CA 09-11453-DPW, 2010 WL 2090338, *4 (D. Mass. May 20, 2010) ("Notwithstanding that he is proceeding pro se and lacks legal skills, the burden is on Davis to set forth his claims in a manner that would permit an adverse party to file a meaningful response."); *Stratton v. City of Boston*, 731 F. Supp. 42, 47 (D. Mass. 1989) ("However, a pro se complaint must include some facts in support of the claim that would entitle the plaintiffs to relief. Where no such factual basis is provided, the claims must be dismissed").

**B.** <u>**Defendant Cannot Respond to Plaintiff's Confusing And Unintelligible Complaint**</u>

In fact, Rule 8 is in place so that the Defendant can properly respond to those charges lodged against it and prepare a suitable defense. *Rasheed v. D'Antonio*, CIV. A. 10-11253-GAO, 2011 WL 4382517, *20 (D. Mass. Sept. 19, 2011) ("The complaint must give the defendant fair

notice of what the ... claim is and the grounds upon which it rests. A complaint must provide defendants with a meaningful opportunity to mount a defense.") (internal citations and quotations omitted); *Brown*,75 F.R.D. at 498 ("The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."). Defendant cannot respond to the Plaintiff's long, unwieldy and incomprehensible complaint, and Defendant cannot prepare an adequate defense where Defendant is not on notice of what the Defendant allegedly did wrong.

### C.     The Majority of Plaintiff's claims Are Criminal claims Not Affording Her a Cause of Action

In addition to the fact that the Plaintiff's complaint does not comport with Rule 8, some of the claims that she cites as violations against her are criminal claims not permitting a private right of action. The Plaintiff cites statutory provisions in her complaint, some of which are criminal statutes not affording her any cause of action. The United States Supreme Court holds that a private citizen, like the Plaintiff, has no interest in the prosecution of another and therefore cannot enforce a criminal statute. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986). This Court has applied that principle. *Phelps v. Channel*, CIV A 06-40282-GAO, 2007 WL2827465,*2 (D. Mass. Sept. 26, 2007) ("Phelps does not, however, have a private right of action to enforce criminal statutes."); see also *Action Ambulance Serv., Inc. v. Atlanticare Health Servs., Inc.*, 875 F. Supp. 33, 37 (D. Mass. 1993) (holding that plaintiff cannot sue under certain criminal statutes). Because they are criminal statutes not affording her a cause of action, the criminal statutes cited in Plaintiff's complaint should be summarily dismissed.

For example, Plaintiff Eighteenth claim (paragraphs 310-313) is "Assault", her Twenty First claim (paragraphs 323-329) is "Domestic and International Terrorism" and her Twenty Fourth claim (paragraphs 346-350) is "Robbery" which are criminal allegations.

### D.   The Overwhelming Majority of the Plaintiff's Civil Claims - As A Matter of Law - Cannot Be Brought Against Defendant

Just like the Plaintiff's criminal allegations, the majority of the Plaintiff's civil claims are infirm, as well. The majority of the civil statutes that the Plaintiff cites cannot, as a matter of law, be brought against Defendant.

For example, Plaintiff's Third Claim for Relief (paragraphs 200-203) cites 18 USC § 2707 (Stored Wire and Electronic Communications and Transactional Records Access - Civil action) as the basis for her claim. However, Plaintiff's argument is conclusory, fails to analyze the facts and substantiate the "knowing or intentional state of mind" element for a valid cause of action under 18 USC § 2707(a). Further, Civil actions under the Stored Communications Act "may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C. §2707(f).

Plaintiff states in the complaint that the electronic "terrorism" started in February 2007, which is approximately six and half years prior to the commencement of this action. See paragraph 28 in Factual Background section of Plaintiff's complaint. The Statute of Limitations pertaining to the Act bars this claim.

Many of Plaintiff's Civil Claims are based in Tort and also barred by the Statute of Limitations.

As stated in MA Gen L ch 260 § 2A, "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."

Plaintiff states in her complaint that she met Defendant in July 2006 when she was in Atlanta for a short duration at the request of Plaintiff's sister - more than 7 years ago. She does not mention any further contact with the Defendant since then. Hence, most of the claims against Defendant Rahini Palanikumar are barred by the Statute of Limitations.

Another example is the First Claim (paragraph 190 – 194), based on Article 11 - American Convention on Human Rights and Article 17 - International Declaration of Civil and Political rights. No legal relief is available under the either article of the treaty since it is merely a recommendation that the United States enact laws pursuant to the treaty.

### E. Plaintiffs Complaint Should Be Dismissed for Failure to State A Claim Pursuant to Fed. R. Civ. P. 12(b)(6)

Though Plaintiff's complaint is long and verbose, it does not State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), while well-pleaded facts of a complaint are to be accepted as true, legal conclusions are "not entitled to the assumption of truth." Further, a court is not to strain to find inferences favorable to the Plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

Plaintiff's claims do not analyze and apply relevant facts to law. Her conclusory statements are not entitled to "entitled to the assumption of truth" as set forth in *Ashcroft* at 678.

For example, Plaintiff's Seventh Claim For Relief (Intentional Interference in Employment Hostile Work Environment) alleges that Defendant "willfully and intentionally have been interfering in Plaintiff's employment relationship" with a long list of adjectives like terrorizing, barbaric, torturous (sic) etc. without any analysis to explain what actions on the part of Defendant were willful or intentional.

Another example: Plaintiff's Eight Claim For Relief (paragraphs 224-229) contains five paragraphs (224-228) followed by a conclusory statement that the claim is based on 42 USC § 1985(3). This statute came about because Congress believed that unequal application of state law caused by private individuals tampering with the states' enforcement mechanisms justified remedial legislation. See *CONG. GLOBE, 42d Cong., 1st Sess.* 456 at 482 (1871). Here, Plaintiff has not stated facts or analyzed how Defendants actions lead to unequal application of state law or tampering with states' law enforcement mechanisms.

Another example: Plaintiff's Eighteenth Claim For Relief (paragraphs 310 - 313) contains four paragraphs followed by no claim.

Another example: Plaintiff's Twenty Third Claim For Relief (paragraphs 338 - 345) contains nine paragraphs followed by no claim.

The Plaintiff must plead enough facts to show that her right to relief is more than speculative and cannot state her claims solely as legal conclusions. *Iqbal*, 556 U.S. at 678.

Thus, Plaintiff's complaint does not state a claim.

## **CONCLUSION**

For the reasons stated above, Defendant respectfully requests that this Court grant her Motion to Dismiss and dismiss the Plaintiff's complaint with prejudice.

Date: November 08, 2013

*P Rahini*
_____
Signature

RAHINI PALANIKUMAR, PRO SE Defendant
2717 Addison Ln,
Johns Creek,
GA  30005
Tel: 404.806.0032

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on November 08, 2013, a copy of the foregoing Memorandum of Law in Support of Rahini Palanikumar's Motion to Dismiss was deposited in the United States Postal Services to The United States District Court – District of Massachusetts and served a copy by mail to Plaintiff:

Vasuki Periyaswamy

34 Pinecrest Village

Hopkinton, MA 01748

Date: November 08, 2013

*P. Rahini*
Signature

RAHINI PALANIKUMAR, PRO SE Defendant
2717 Addison Ln,
Johns Creek,
GA  30005
Tel: 404.806.0032