UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VASUKI PERIYASWAMY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 cv 11548-PBS |
| | ) | |
| JAWAHAR KARUPPASAMY, PRAVEEN | ) | |
| AMUDALA, VIVEK PANDIAN, RAHINI | ) | |
| KUMARASAMY, SANDHYA JANKITI, | ) | |
| SANJEEV AGRAWAL, VENKATA | ) | |
| BATCHALA, SHIVRAJ ARALI, K.S. | ) | |
| PANDIARAJAN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PRAVEEN KUMAR AMUDALA'S MEMORANDUM IN SUPPORT OF
HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Praveen Kumar Amudala ("Mr. Amudala") respectfully submits this Memorandum of Law in support of his Motion to Dismiss (the "Motion") the Amended Complaint (the "Complaint") filed by Plaintiff Vasuki Periaswamy ("Plaintiff") in accordance with Rule 12(b)(2) of the Federal Rules of Civil Procedure, *Fed R. Civ. P. 12(b)(2)*, because this Court may not confer jurisdiction over Mr. Amudala, a resident of Illinois.  Mr. Amudala has contemporaneously filed his affidavit in support of his Motion.

## INTRODUCTION

Plaintiff, an active litigant before this Court, has filed a largely unintelligible action against Mr. Amudala, eight other named defendants and dozens of other parties alleging a sweeping orchestrated scheme conducted both domestically and abroad to commit crimes against and otherwise injure Plaintiff.  Mr. Amudala need not substantively respond to Plaintiff's wild and conclusory allegations because this Court may not confer personal jurisdiction over him. Mr. Amudala is a resident of Illinois and has had no contact with the Commonwealth of Massachusetts, either generally or specific to Plaintiff's claims.  Plaintiff's Complaint as to Mr.

Amudala must be dismissed in accordance with Rule 12(b)(2) of the Federal Rules of Civil

Procedure, *Fed R. Civ. P. 12(b)(2)*.

<u>Allegations Contained in Plaintiff's Complaint Relevant to Mr. Amudala</u>

In paragraphs 19 through 26 of the Complaint, Plaintiff alleges:

- that she met Mr. Amudala in April 2004 through an on-line job posting site, www.dice.com.  Cmplt. ¶ 19;

- that she came to Illinois and had contact with Mr. Amudala in April and May 2004. Cmplt. ¶¶ 20-24;

- that she left Illinois on May 31, 2004 (Cmplt. ¶ 24) and went to San Diego, California, and, after arriving in California, Plaintiff called Mr. Amudala and told him not to make any attempts to contact her.  Cmplt. ¶ 25; and

- that around October 2005, Mr. Amudala attempted to contact her through Yahoo! Chat.  Cmplt. ¶ 26.

These allegations comprise all of Plaintiff's direct interactions with Mr. Amudala, all of which

occurred in Illinois or via telephone or email between Illinois and California.

Beginning in paragraph 65 of her Complaint, Plaintiff alleges facts which occurred after

she moved to Massachusetts.  In paragraph 70, Plaintiff refers to her 2004 interactions with Mr.

Amudala in the context of allegations against another defendant, Venkata Batchala.  The

remainder of Plaintiff's 189-paragraph Complaint (excluding the claims for relief) describes

activities in Plaintiff's various workplaces and a calamitous trip to India.  There are no more

specific allegations against Mr. Amudala, other than repeated general references to his

membership in the "organized gang" which conspired to harm Plaintiff.  Plaintiff does not allege

that Mr. Amudala, specifically, committed any acts or omissions in the Commonwealth of

Massachusetts.

Mr. Amudala's Lack of Contact with Massachusetts

While the substance of Plaintiff's alleged 2004 interactions with Mr. Amudala are not relevant to this Motion (and will not be addressed), the alleged dates, times and places are generally consistent with Mr. Amudala's recollection of his interactions with Plaintiff as set forth in his Affidavit filed contemporaneously herewith. *See Amudala Affidavit* ¶¶ 7-12.

Mr. Amudala was born in India and moved to the United States in 2001. *Amudala Affidavit* ¶¶ 2, 4. With the exception of an eight-month period in 2002-2003 when he lived in Ohio, Mr. Amudala has resided continuously in Illinois. *Amudala Affidavit* ¶ 5. Mr. Amudala has never been to the Commonwealth of Massachusetts. *Amudala Affidavit* ¶ 15.

Except as may be related to the defense of this lawsuit (communications with counsel), Mr. Amudala has never sent an email to or received an email from anyone in the Commonwealth of Massachusetts. *Amudala Affidavit* ¶ 16. Except as may be related to the defense of this lawsuit (communications with counsel), Mr. Amudala has never placed a phone call to or received a phone call from anyone in Massachusetts. *Amudala Affidavit* ¶ 17.

Mr. Amudala has never transacted any business in or in any way related to Massachusetts. *Amudala Affidavit* ¶ 18. Mr. Amudala does not own or have any ownership interest in any real or personal property located in Massachusetts. *Amudala Affidavit* ¶ 19. Mr. Amudala has never contracted to supply insurance, services or things in Massachusetts. *Amudala Affidavit* ¶ 20.

Other than reading the Complaint in this matter, Mr. Amudala has never heard of any of the other defendants in this matter, despite Plaintiff's unsupported and conclusory allegations that he and other defendants comprise an "organized gang". He has never communicated, whether orally, electronically or in other written form with any of the other defendants in this matter. *Amudala Affidavit* ¶ 21.

Plaintiff's Allegations of Jurisdiction

On page 6 of the Complaint between paragraph No. 11 and paragraph No. 12, Plaintiff alleges bases for this Court's subject matter jurisdiction.  In paragraph 14, Plaintiff appears to allege that jurisdiction over all defendants is proper because they "are residents of the United States."  Plaintiff does not allege that jurisdiction over Mr. Amudala or any of the other defendants is proper in this Court.

## ANALYSIS

A.  Standards Relevant to Mr. Amudala's Rule 12(b)(2) Motion to Dismiss

**Pleading Burden and Due Process Considerations**

On a motion to dismiss for lack of personal jurisdiction under 12(b)(2), the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists.  *Massachusetts Inst. of Tech. v. Micron Tech., Inc.*, 508 F. Supp. 2d 112, 116 (D. Mass. 2007).  On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that personal jurisdiction is authorized by the Massachusetts long-arm statute, and consistent with the Due Process Clause of the United States Constitution.  *Rodriguez v. Samsung Electronics Co., Ltd.*, 827 F. Supp. 2d 47, 50 (D. Mass. 2011).

The Massachusetts long-arm statute empowers a court to exercise personal jurisdiction "over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:

(a)  transacting any business in this commonwealth;

(b)  contracting to supply services or things in this commonwealth;

(c)  causing tortious injury by an act or omission in this commonwealth;

(d)  causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(e)  having an interest in, using or possessing real property in this commonwealth;

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;

(g) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or

(h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party."

Mass. Gen. Laws Ann. ch. 223A, § 3 (West).

The Massachusetts long-arm statute reaches to the full extent that the Constitution allows; therefore, the Court may proceed directly to the constitutional analysis on whether personal jurisdiction would offend Due Process.  *Rodriguez v. Samsung Electronics Co., Ltd.*, 827 F. Supp. 2d 47, 50 (D. Mass. 2011)

Due process requires the court to determine whether the defendant has maintained "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Massachusetts Inst. of Tech. v. Micron Tech., Inc.*, 508 F. Supp. 2d 112 (D. Mass. 2007) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).   The Due Process Clause requires a court to determine whether a defendant "should reasonably anticipate being hauled into court there."  *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

## **Specific and General Jurisdiction**

Specific jurisdiction arises out of or relates to the cause of action even if those contacts are isolated and sporadic, while general jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state, even when the cause of action has no relation to those contacts. *Massachusetts Inst. of Tech. v. Micron Tech., Inc.*, 508 F. Supp. 2d at

120; *see also Wang v. Schroeter*, CIV.A. 11-10009-RWZ, 2011 WL 6148579 (D. Mass. 2011) (specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities).

**General Jurisdiction**

General jurisdiction occurs if a defendant's "contacts are 'sufficiently continuous and systematic' that the assertion of jurisdiction is 'reasonable and just.' *Callahan v. Harvest Bd. Intern., Inc.*, 138 F. Supp. 2d 147, 158 (D. Mass. 2001). Where the cause of action does not arise from or directly relate to the defendant's contacts with the forum, jurisdiction will be valid only where the defendant has had numerous and substantial contacts with the forum. 46 Mass. Prac., Federal Civil Practice § 4:7 (2d ed.). "The standard for evaluating whether contacts satisfy the constitutional general jurisdiction test is considerably more stringent than that applied to specific jurisdiction questions." *Id.*

**Specific Jurisdiction**

To assess specific jurisdiction, the court must ask (1) whether the claims are "related to" defendant's activities in Massachusetts; (2) whether the defendant has purposefully availed himself to the laws of Massachusetts; and (3) whether the exercise of jurisdiction would be reasonable.

<u>Related To</u>

In determining whether a claim directly relates to or arises out of the defendant's contacts with the forum, the Court must first identify the contacts. The relatedness inquiry differs depending on the cause of action. *Levin v. Harned*, 292 F. Supp. 2d 220, 225 (D. Mass. 2003). If a contract claim, the stereotypical inquiry tends to ask whether the defendant's forum-based activities are "instrumental in the formation of the contract;" if a tort claim, the court customarily looks to whether the plaintiff has established "cause in fact (i.e., the injury would not have

occurred 'but for' the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action)." *Massachusetts Sch. of L. at Andover, Inc. v. Am. B. Ass'n*, 142 F.3d 26, 35 (1st Cir. 1998).

Purposeful Availment

In terms of purposeful availment, the question the Court must consider is "whether the commercial action taken, in light of the contacts with the forum state it entailed, amounts to a purposeful decision by the nonresident to 'participate' in the local economy and to avail itself of the benefits and protections of the forum." *Bond Leather Co. v. Q.T. Shoe Mfg. Co.,* 764 F.2d 928, 933–34 (1st Cir.1985).

Reasonableness

The "reasonableness" stage of the personal jurisdiction inquiry is reached only if the first two segments of the test for specific jurisdiction have been fulfilled. *Brookfield Mach., Inc. v. Calbrit Design*, 929 F. Supp. 491, 499-500 (D. Mass. 1996). Reasonableness is determined by the so-called gestalt factors: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy (usually considered a wash); and (5) the common interests of all sovereigns in promoting substantive social policies. *See United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1088 (1st Cir.1992). The reasonableness stage of the jurisdictional analysis evokes a sliding scale: "[T]he weaker the plaintiff's showings on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction. The reverse is equally true: an especially strong showing of reasonableness may serve to fortify a borderline showing of relatedness and purposefulness." *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir.1994).

B.  Plaintiff Has Not Pleaded and Could Not Allege General or Specific Jurisdiction over
   Mr. Amudala.

**General Jurisdiction**

A detailed analysis of general jurisdiction is not necessary.  As set forth in his Affidavit, Mr. Amudala has had zero contact with the Commonwealth of Massachusetts, other than contact with counsel in defense of this action.  Mr. Amudala, a resident of Illinois, does not have minimum contacts with Massachusetts – he has no contacts.

**Specific Jurisdiction**

This Court may not confer specific jurisdiction over Mr. Amudala.  First and most basically, Plaintiff has not alleged any tortious conduct by Mr. Amudala which took place in or is related to Massachusetts.  Plaintiff's allegations, even if they formed one or more valid causes of action, would not have occurred "but for" Mr. Amudala's activity in Massachusetts (which activity Plaintiff does not even allege).

Mr. Amudala has not purposely availed himself of the benefits and protections of Massachusetts or participated in the local economy.

Finally, even if Plaintiff could demonstrate relatedness and that Mr. Amudala availed himself of the benefits of Massachusetts, it would be unreasonable to require Mr. Amudala to travel to Massachusetts and defend this action.  He lives and works in Illinois.  He has not seen or spoken with Plaintiff in over eight years.  That Plaintiff happens to live in Massachusetts is the only connection Mr. Amudala has to this Court.

For the foregoing reasons, this Court should Plaintiff's Complaint as to Mr. Amudala in accordance with Rule 12(b)(2) of the Federal Rules of Civil Procedure, award him his costs, expenses and attorneys' fees and such other relief as this Court deems proper.

Respectfully submitted,

PRAVEEN KUMAR AMUDALA

By his attorneys,


 */s/ Joseph S.U. Bodoff*
Joseph S.U. Bodoff (BBO #549116)
Bodoff & Associates, P.C.
120 Water Street
Boston, MA  02109-4210
(617) 742-7300
jbodoff@bodofflaw.com

and

Miles V. Cohen
Scott & Kraus, LLC
150 South Wacker Drive, Suite 2900
Chicago, IL 60606
(312) 327-1059
mcohen@skcounsel.com

Dated:  November 13, 2013