**Exhibit D**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VASUKI PERIYASWAMY, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST OF MASSACHUSETTS I, INC. <br><br> Defendant. | Civil Action No. 12-10474-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                November 13, 2012

### I.     Introduction

Vasuki Periyaswamy ("Periyaswamy"), proceeding pro se, brings this action against Comcast of Massachusetts I, Inc. ("Comcast") alleging that Comcast, in collaboration with a "transnational organized underground criminal network" and "Third Parties," has committed numerous crimes against her and violated a plethora of federal statutes. Periyaswamy filed a complaint on March 14, 2012, purporting to set out 21 causes of action. Compl., D. 1. On July 27, 2012, Comcast moved to dismiss Periyaswamy's complaint pursuant to Fed. R. Civ. P. 8(a). Def. Mot., D. 6. For the reasons set forth below, Comcast's motion is GRANTED.

### II.    Factual Allegations

The single-spaced complaint contains 115 paragraphs spanning 28 pages and alleges that Comcast, in collaboration with the "transnational organized underground criminal network" or

"Third Parties" that are not named as defendants in the suit,[1] have committed a litany of harms against Periyaswamy and others on a daily basis since 2008, including torture, enslavement, forced prostitution, money laundering, bribery, corruption, terrorism, unfair and deceptive trade practices, unlawful electronic surveillance, career and financial sabotage, cyber stalking and telemarketing. See generally Compl. The complaint contains a table listing 53 statutory provisions, which Periyaswamy alleges Comcast, alone or in collaboration with the transnational organized underground criminal network or Third Parties, violated. Id. ¶ 4.

Although the complaint recites a long list of statutes, the connection between all of these statutes and the myriad of Periyaswamy's factual allegations is unclear. Compare Compl. ¶ 4, with Compl. ¶¶ 14 et seq.; D. 6 at 4–5. Although it is difficult to discern all of her factual allegations, among other things, Periyaswamy alleges that Comcast collaborated with the Third Parties and employees of Perot Systems Healthcare, Inc., Harvard Pilgrim Healthcare and "other agencies" and gave Periyaswamy's husband food poisoning when he ate in the cafeteria of Periyaswamy's former workplace. Compl. ¶¶ 38, 79. Comcast and its co-conspirators also allegedly planned this attack by intercepting an email Periyaswamy sent to her immigration attorney. Id. Periyaswamy also alleges that, "[a]fter learning [of] the unlawful venture of Comcast with the 'Third Parties,' and their collaboration in all of the organized underground criminal activities," she filed a complaint against Comcast on July 19, 2010 in this Court. Id. ¶¶ 31, 65; see Order, Periyaswamy v. Comcast Internet Servs., No. 10-11204-DPW (D. Mass. Dec.

---

[1] Periyaswamy lists the following known and unknown individuals as "Third Parties": Michael S. Boyette, Jawahar Karuppasamy, Chandra Sekaren, Syed Mujaihid, Praveen Amudala, Sandhya Jankiti, Sanjeev Agrawal, Venkata Batchala, Katherine M. Caril, Kay P. Bui, Rahini Kumarasamy, Vivek Pandian, Manjula Kumarasamy, Elisabete D. Harshman, Lynn Li Werner, Francis N. Stanucci, Cynthia J. Trainor, "Residents of 27 Pinecrest Village, Hopkinton, MA 01748, USA also employees of Comcast Internet Services," and Lindsay Ann Ucci "and her boyfriend." Compl. ¶ 6.

1, 2010), D. 19 (order dismissing case for lack of diversity jurisdiction). Periyaswamy alleges that in retaliation for that complaint, Comcast and the Third Parties abducted her brother in India. Compl. ¶ 31. Periyaswamy also alleges that an unnamed party intercepted a hotel reservation confirmation email that was sent to her husband and used the information in the email to install cameras in the hotel room that she and her husband stayed in. Id. ¶ 18. These cameras took "illegal private videos" of her and her husband that are now being published online by an unnamed party in China as pornography. Id. Periyaswamy has raised 21 individual claims, most of which contain a myriad of causes of action and invoke several statutes.

### III. Analysis

Comcast has moved to dismiss Periyaswamy's complaint for failure to comply with Fed. R. Civ. P. 8(a). D. 6 at 1. Rule 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Comcast contends that dismissal is warranted because "Comcast cannot respond to [Periyaswamy's] long, unwieldy and incomprehensible complaint, and it cannot prepare an adequate defense where it is not on notice of what it allegedly did wrong." D. 6 at 6.

The purpose of the pleading requirements set forth in Fed. R. Civ. P. 8(a) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (omission in original) (internal quotation marks omitted). A complaint must afford the defendant a "meaningful opportunity to mount a defense." Diaz-Rivera v. Rivera-Rodriguez, 377 F. 3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)) (internal quotation marks omitted); see also Brown v. Califano, 75 F.R.D.

497, 498 (D.D.C. 1977) (noting that "[t]he purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable"). If a plaintiff's complaint fails to comply with the "short and plain statement" requirement, a district court may dismiss it. Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993). "Dismissal [for noncompliance with Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Miranda v. United States, 105 F. App'x 280, 281 (1st Cir. 2004) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)) (alteration in original) (internal quotation marks omitted). This is such a case. Moreover, a number of the claims that Periyaswamy raises rely upon criminal statutes that do not give rise to private rights of actions. See Diamond v. Charles, 476 U.S. 54, 64 (1986); Phelps v. Channel, No. 06-cv-40282-GAO, 2007 WL 2827465, at *2 (D. Mass. Sept. 26, 2007). Additionally, a number of the civil statutes upon which she relies do not give rise to claims against Comcast. D. 6 at 7–8.

While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers . . . this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Periyaswamy's complaint "falls into the category of '[c]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim.'" Coy Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (Report and Recommendation) (quoting Green, 108 F.R.D. at 218), adopted by, 2010 WL 3342023 (Aug. 25, 2010). The complaint "includes numerous intertwined factual and legal

theories, and at times ventures into the realm of the fantastic." Id. Therefore, Periyaswamy's complaint fails to comply with the requirements or goals of Rule 8(a) and will be dismissed. See Buess v. United States, No. 09-02151 (HHK), 2010 WL 3613805, at *1 (D.D.C. Sept. 2, 2010) (noting that "courts have unhesitatingly dismissed actions where the complaint[ ] consisted of a labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension . . . [or] was . . . confusing, ambiguous, redundant, vague and, in some respects, unintelligible" (alterations in original) (quoting Brown, 75 F.R.D. at 499) (internal quotation marks omitted)).

## IV.  Conclusion

For the foregoing reasons, the Court grants Comcast's motion to dismiss.

**So ordered.**

/s/ Denise J. Casper
United States District Judge